No. 2,540.

IN THE MATTER OF EIGHTH STREET, IN THE CITY OF OAKLAND, SMITH *et al.*, RELATORS, *v.* COUNCIL OF OAKLAND, RESPONDENTS.

WRIT OF CERTIORARI.—POWER OF COURT TO ISSUE.—CONSTITUTIONAL CONSTRUCTION.—Under Art. VI. Section 4, of the Constitution as amended in 1862, the writ of certiorari can be rightfully issued from the office of the Clerk of the Supreme Court only upon an order of the Court, made upon application for that purpose.

PETITION for Writ of Certiorari.

The facts are stated in the opinion.

*C. A. Tuttle* and *S. F. Gilchrist,* for Petitioner.

WALLACE, J., delivered the following opinion, TEMPLE, J., concurring:

It appears by the record that in August last a petition, duly verified, was filed in the office of the Clerk of this Court, praying that a writ of certiorari be issued directed to the Council of the City of Oakland, commanding them to certify to the Court certain proceedings had by them in opening, straightening and widening Eighth street, etc. ; and thereupon, upon the order of one of the Justices of the Court, the writ issued in the usual form.

Objection is now made on the part of the respondents that the writ was not issued in accordance with the requirements of law, and that the same ought to be dismissed.

The objection is based upon the proposition that a Justice of this Court has no authority to entertain a motion or application for this writ, as a proceeding before him in vacation, but that such a motion must always be made in open Court and before the Court in actual session.

The issuance of the writ of certiorari is an exercise of original jurisdiction by this Court, and its authority to do so is derived from the provisions of the Constitution.

It will be seen, by an examination of the Constitution as it stood previously to the amendment of 1862, that the powers of the Court (except in proceedings concerning the writ of habeas corpus) were wholly of an appellate charac-

ter (Art. VI., Sec. 4), and were limited to the direct exercise of appellate authority and to the issuance of "writs and process necessary to the exercise of their appellate jurisdiction."

The issuance of the writ of certiorari pre-supposed that the jurisdiction of this Court to hear and determine the case in which it was issued had already fully attached, and it was only to aid and further the exercise of that jurisdiction, and not to obtain any new or additional authority over the case that the writ was directed to issue.

It will be observed, too, that not only the Court, but each of the Justices of this Court, as contra-distinguished from the Court itself, had the constitutional authority to issue the writ in aid of the exercise of the appellate jurisdiction conferred.

But the constitutional amendment of 1862 introduced a new feature and accomplished an important change in this respect. It not only extended the appellate power of this Court to subjects not theretofore embraced within its authority, but it conferred upon the Court, for the first time, the power to issue writs of mandamus, certiorari and prohibition, as a Court of original jurisdiction, and irrespective of the circumstance that its appellate jurisdiction had or had not already attached in the particular case.

I think that is demonstrable, from a careful consideration of the language, in which this original jurisdiction is conferred, that while it was the intention that writs of habeas corpus might, as theretofore, be issued either by the Court or any of its Justices, all of the other enumerated writs must be issued under the direction and authority of the Court itself, sitting as a Court, and not by its Justices as such, or any of them.

The amendment is as follows : " The Supreme *Court* shall have appellate jurisdiction.   *   *   *   The *Court* shall also have power to issue writs of mandamus, certiorari, prohibition and habeas corpus, and also all writs necessary or proper to the complete exercise of its appellate jurisdiction. Each of the Justices shall have power to issue writs

of habeas corpus to any part of the State," etc. (Art. VI., Sec 4, as amended.)

It is to be observed, upon this reading, that all the appellate power is conferred upon the Court, and not any of it on the Justices composing it.

I think it will not be claimed that the Constitution intended to clothe any or all the Justices, as contra-distinguished from the Court itself, with appellate authority over, or jurisdiction to hear or determine any case "in equity," or which involves " the title or possession of real estate," etc. The expression of the Constitution, in conferring authority to issue the writs of mandamus, certiorari and prohibition is not less clear in its import. "The Court shall have power," etc. If it had been intended that the Justices of the Court, as mere judicial officers, should exercise this power, that intention has certainly not found any direct expression in the Constitution, and any rule of construction which would deduce the power from the words employed in the instrument itself would also be potent to maintain that the general appellate power mentioned in the preceding clause of Section 4, is conferred not only upon the Court but upon the Justices as well—for we have seen that there is nothing in the language employed, nor in the context or subject matter, which, under any known rule of construction, can distinguish the one proposition from the other. This is plain enough of itself ; but if there could be any doubt remaining upon the point, it will be removed upon looking again at the last clause of Section 4, already cited. The power to issue the writ of habeas corpus, like that to issue the writs of mandamus, certiorari and prohibition, is there conferred on the Court ; but it is immediately afterward declared that "each of the Justices shall have power to issue writs of habeas corpus," etc. The language of this clause makes it evident that the authors of the amendment of 1862 had in view the distinction between the Court and the Justices who compose it ; that they understood that the power thereinbefore given to the Court to issue the writ of habeas corpus did not, of itself, fairly import a similar

authority conferred upon the Justices. It is apparent, too, that when they came to confer upon the Justices of the Court the authority to issue the writ of habeas corpus, they singled out that writ from all the others with which they were then dealing, and *ex industria* omitted those others.

I am, therefore, of opinion that, under the provisions of the Constitution, a writ of certiorari can be rightfully issued from the office of the Clerk of this Court only upon an order of the Court, upon application made for that purpose, and that the twenty-fifth rule of this Court, providing that the writ may be issued by the Clerk upon the filing of a petition therefor, cannot be supported.

It results that the writ must be dismissed, and it is so ordered.